# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH E. SCHMITZ,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
DC-0842-14-0510-X-1

DATE: January 20, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dennis Dean Kirk</u>, Esquire, Falls Church, Virginia, for the appellant.

<u>Tynika Faison Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On July 29, 2015, the administrative judge issued a compliance initial decision finding the agency noncompliant with the final order in the underlying appeal. MSPB Docket No. DC-0842-14-0510-C-1, Compliance File (CF), Tab 6, Compliance Initial Decision. For the reasons discussed below, we now find the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency in compliance and DISMISS the petition for enforcement. We FORWARD the appellant's October 26, 2015 motion for attorney fees to the Board's Washington Regional Office for docketing. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      On June 2, 2014, the administrative judge issued an initial decision in MSPB Docket No. DC-0842-14-0510-I-1, vacating and remanding the reconsideration decision of the Office of Personnel Management (OPM). MSPB Docket No. DC-0842-14-0510-I-1, Initial Appeal File (IAF), Tab 18, Initial Decision (ID). The administrative judge found that OPM miscalculated the amount the appellant owed in military service deposits to his annuity and erred in requiring him to pay additional interest that resulted from OPM's mistakes. ID at 3-4. The administrative judge ordered OPM to recalculate the deposit required for the appellant to receive credit for his military service, credit to this amount any payments made by the appellant, and refund any overpayment by the appellant. ID at 7. The decision became final after neither party petitioned for review.

¶3      The appellant filed a petition for enforcement asserting that OPM had failed to refund his interest overpayment. CF, Tab 1 at 5-6. On July 29, 2015, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement. The administrative judge found that the appellant paid additional interest in the amount of $1,466.27, that this overpayment was due to OPM's mistake, and that OPM had failed to refund it to the appellant. CF, Tab 6 at 4. The administrative judge ordered the agency to pay this amount to the appellant. *Id*. at 5. The administrative judge further directed that the refund of this amount "must not change the calculation of the appellant's annuity because

OPM itself must assume responsibility for the additional interest" owed due to OPM's miscalculations. *Id.*

¶4     When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶5     On September 21, 2015, OPM filed a submission purporting to show full compliance with this order. MSPB Docket No. DC-0842-14-0510-X-1, Compliance Referral File (CRF), Tab 2. The appellant did not file a response, although the Board had issued an order informing him that if he failed to respond to OPM's compliance evidence, the Board might assume he was satisfied and dismiss his petition for enforcement. CRF, Tab 1 at 3. Because OPM has filed evidence of purported compliance and the appellant has not responded, we assume the appellant is satisfied, find OPM in compliance, and dismiss the petition for enforcement.

¶6     On October 26, 2015, the appellant submitted a pleading titled "Appellant's Motion for Prevailing Party Attorney Fees" to the Clerk of the Board. We forward the appellant's pleading to the Board's Washington Regional Office for docketing in accordance with the requirements of 5 C.F.R. § 1201.203.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.